## South Hills Trust Company, Appellant, v. Baker, et al.

*Attachment executions—Stocks of corporations—Prior transfer—Stamp tax—Act of June 4, 1915, P. L. 828—Effect of transfer without affixing stamps.*

An attachment execution to attach certain shares of stock, alleged to belong to one of the defendants, served two days after a bona fide transfer for a valuable consideration to a third party, is invalid.

244 SOUTH HILLS TRUST CO., Appel., *v.* BAKER, et al.

Syllabus—Assignment of Error. [83 Pa. Superior Ct.

Under the provisions of the Act of June 4, 1915, P. L. 828, it is the duty of persons making a sale or transfer of stock to affix the necessary stamp or stamps, but the failure to do so does not render the transfer void, but makes the offender liable to criminal prosecution.

There is nothing in the title of the act or in the enacting sections which declares that an assignment of stock or an agreement to assign shall be void if not stamped as directed, and it may be inferred from the terms of the statute that the contrary was intended.

Argued April 30, 1924. Appeal, No. 117, April T., 1924, by plaintiff, from decree of C. P. Allegheny Co., Jan. T., 1923, No. 392, dismissing bill in equity in the case of South Hills Trust Company, a Corporation, v. Harry W. Baker, West Penn Vinegar Company, a Corporation, Louis Skirboll, I. Skirboll, Louis Plung and Harvey A. Miller. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Bill in equity to enjoin the transfer of a certificate of stock and have a receiver appointed. Before ROWAND, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill. Plaintiff appealed.

*Error assigned* was, among others, the decree of the court.

*C. Elmer Bown,* and with him *Edwin W. Smith,* for appellant.—The defendants' failure to affix the stamp to the assignment of the certificate invalidated the transfer: Dean v. Flint, 204 N. Y. 153; Luitweiler v. Luitweiler Pumping Engine Co., 231 N. Y. 494; Hall v. Davis, 95 Misc. (N. Y.) 315.

*Emerson G. Hess,* and with him *Miller & Nesbitt,* for appellees.—Plaintiff never had any right in the stock in question: Duquesne Bond Corporation v. American

Surety Co. of New York, 204 Pa. 203, 6 C. J. 213, section 397; Act of Assembly of June 4, 1915, P. L. 828, section 17 (Purdon's Digest, volume 7, page 7632, section 99); Dean v. Flint, 204 N. Y. 153.

OPINION BY HENDERSON, J., July 2, 1924:

The plaintiff issued an attachment execution for the purpose of levying on certain shares of stock of the West Penn Vinegar Company alleged to be the property of Harry W. Baker, one of the defendants. Thereafter the bill was filed in this case praying for the appointment of a receiver to take possession of and sell the shares of stock; the proceeds to be applied toward the satisfaction of the plaintiff's judgment. The learned trial judge dismissed the bill on the ground that the stock had been assigned for a valuable consideration by Baker to Miller & Nesbitt before the attachment execution was served, and that therefore the stock was not subject to attachment. This conclusion was based on uncontradicted evidence from which it appeared that Baker was indebted to the firm of Miller & Nesbitt, for services as his attorneys, to an amount in excess of the value of the stock; that on May 24, 1922, Baker agreed to transfer 135 shares of stock of the corporation to them in consideration of such legal services; that because of delay in the reorganization of the company, the stock certificate was not ready for delivery until the morning of October 7, 1922, although repeated demands had been made for it by Miller & Nesbitt prior to that time; that on October 7, 1922, Baker executed and delivered a written transfer of the shares of stock on the back of the certificate pursuant to his agreement of May 24, 1922. Neither Baker nor Miller & Nesbitt had any notice or knowledge of the attachment execution. The attachment was served on Baker, October 9, 1922, two days after the assignment of the stock to Miller & Nesbitt, and on Miller October 11, 1922. There was no service on Nesbitt. The bona fides of the transfer of the stock by Baker is not questioned;

the contention of the appellant being that the transfer was void because the certificate was not stamped as required by the Act of June 4, 1915, P. L. 828, and that this objection can be raised although not made at the trial.    Section 17 of the act provides: "No transfer of stock made on or after the time this act takes effect, on which a tax is imposed under the provisions of this act, and which tax is not paid at the time of such transfer, shall be made the basis of any action or legal proceeding, nor shall proof thereof be offered or received in evidence in any court."    The act provides with respect to stamping as follows: "Where the transaction is effected by the delivery or transfer of a certificate, the stamp or stamps shall be placed upon the surrendered certificate and cancelled."    The obligation to affix the stamp or stamps is thus imposed in the first section of the act: "Every person or persons making or effectuating any such sale or transfer shall procure, affix, and cancel the stamps," etc. The law is well established that a chose in action equitably assigned is not subject to the operation of an attachment and that an attaching creditor can stand on no better footing than his debtor.    The same rule applies to shares of stock, and an interest can pass prior to the entry of a transfer on the books of the company: U. S. v. Vaughan, 3 Binney *394; Com. v. Watmough, 6 Wh. *117. The general rule is that any bona fide assignment of stock for value will pass the owner's interest therein without liability to levy by attachment or execution against the assignor served subsequently to the assignment.    The attachment creditor has no right in his debtor's property until a levy has been made: 3 Daniel's Negotiable Instruments, sec. 1708e; Duquesne Bond Corporation v. American Surety Co. of New York, 264 Pa. 203; 6 Corpus Juris 213.    Under these authorities it seems clear that the equitable title acquired under the agreement of May 24, 1922, was perfected by the delivery of the stock on the 7th of October, 1922, prior to the issuing and service of the attachment execution on Miller & Nesbitt.    Is

that transfer invalid because the transferrer neglected to stamp the certificate? The Act of 1915, supra, on which the appellant relies is a revenue act providing for a tax and prescribing penalties for the violation of it. The 6th section provides a penalty for selling cer: tificates of stock without having affixed the required stamps. The 7th section provides that on all stamps used the person using the same shall write or stamp the initials of his name and the date on which the same was attached or used. Fraudulent use of an adhesive stamp is forbidden. Numerous provisions are made with respect to bills or memorandums of sale or agreements to sell, but nowhere either in the title of the act or in the enacting sections is it declared that an assignment of stock or an agreement to assign shall be void if not stamped as directed, and it may be inferred from the terms of the statute that the contrary was intended. If a contract to sell or an actual transfer is void then the provisions of the 6th section that any sale or transfer without paying the tax imposed by this act shall be a misdemeanor could have no force or effect, and one accused of such an offense could promptly reply: "I made no sale or transfer. My act was declared void by the same statute which creates the offense." Clearly the intention of the law makers was not to set aside all contracts made for the transfer of such property, but to enforce by penalty the taxing provisions of the statute. A great wrong would often be done to an innocent party if the stock acquired by him for a valuable consideration were made to revert to the assignor because of the latter's failure to stamp the certificate. The subject was considered in Dean v. Flint, 204 N. Y. 153, where a similar statute is in force and it was there held that the statute was a revenue law merely and not intended to invalidate sales. The evidence in the case before us is sufficient to defeat the plaintiff's bill for the burden was on the latter to show title in Baker, the defendant, in the attachment. Until that was done, it had no stand-

ing to maintain the bill. Complaint is made that the assigned certificate of stock was offered in evidence by the defendants, but this did the plaintiff no harm. The evidence introduced by the latter showed that the certificate had been issued and delivered to Miller & Nesbitt before the attachment was served and perhaps before it came into the hands of the sheriff. The Act of 1915 provides that no transfer of stock on which the tax is not paid at the time of transfer shall be made the basis of any action or legal proceeding, nor shall proof thereof be offered and received in evidence in any court, but this withholds a legal remedy merely. It does not touch the title of the holder of the stock. The appellees here are not creating a basis of any action or legal proceeding. Moreover, the evidence irrespective of the certificate shows the ownership of the shares in Miller & Nesbitt. The conclusion arrived at by the learned trial judge was correct.

The decree is affirmed at the cost of the appellant.