# Connell's Estate.

*Taxation—Inheritance tax—Whether property is an asset of estate—Jurisdiction of orphans' court—Act of June 20, 1919, P. L. 521—Gift inter vivos—Stock certificate—Power of attorney—Custody—Dividends—Stamps—Acts of May 5, 1911, P. L. 126; June 4, 1915, P. L. 828.*

1. Where an appeal is taken from an appraisement of property for purposes of the inheritance tax on the ground of an improper inclusion of a supposed asset of the decedent in the appraisement, the orphans' court has jurisdiction under the express terms of the Act of June 20, 1919, P. L. 521.

2. A valid gift of nonnegotiable securities may be made by delivery of them to the donee without assignment or endorsement in writing.

3. In determining whether a certificate of stock in a husband's name, delivered to his wife during his lifetime and in her possession at his death, was a gift inter vivos, the court may consider the fact that there was urgent need for the husband to provide for his wife after his death, as the income on which they depended ended with his life.

4. In such case the fact that the power of attorney authorizing transfer was not signed is not material, if it appears that the gift was otherwise complete.

5. It is not material if the gift was established, that the certificate was kept in a safe deposit box rented by the husband but used by both and to which both had access; or that checks for dividends on the stock were endorsed by the husband and deposited by the wife in a bank account upon which both had a right to draw.

6. Title to a certificate of stock may pass as a gift inter vivos, although tax stamps have not been attached thereto, as provided by the Act of June 4, 1915, P. L. 828.

7. The rights of a donor and a donee of a stock certificate are not affected, as between themselves, by the Uniform Stock Transfer Act of May 5, 1911, P. L. 126, prescribing that title to certificates of stock pass by endorsement as of the time of the registration of the transfer.

8. The purpose of the Act of 1911, was to protect the corporation. It does not mean that title fails to pass, as between the parties, when a certificate is actually handed over, and the other essential elements of a gift are present.

Argued January 26, 1925. Appeal, No. 190, Jan. T., 1925, by Commonwealth, from decree of O. C. Lackawanna Co., 1921, No. 1210, setting aside assessment for inheritance tax, in estate of Ezra H. Connell, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from assessment for inheritance tax. Before SANDO, P. J.

The opinion of the Supreme Court states the facts.

Assessment set aside. Commonwealth appealed.

*Error assigned* was, inter alia, decree, quoting it.

*John Robert Jones,* Deputy Attorney General, with him *Wallace G. Moser,* and *George W. Woodruff,* Attorney General, for appellant.—The orphans' court had no jurisdiction: Cutler's Est., 225 Pa. 167; Handley's Est., 181 Pa. 339; Webb's Est., 15 Pa. Dist. R. 54.

A gift inter vivos must be complete in præsenti. It has no reference to the future: Roberts's App., 85 Pa. 84; Cooper's Est., 263 Pa. 37.

The Uniform Stock Transfer Act of May 5, 1911, P. L. 126, applies: Cooke v. Marshall, 191 Pa. 315.

The gift was intended to take effect at the death of the donor: Reish v. Com., 106 Pa. 521; Dolan's Est., 279 Pa. 582.

*John P. Kelly,* with him *George Morrow,* for appellee. —The orphans' court has jurisdiction: Crossetti's Est., 211 Pa. 490; Hermann's Est., 226 Pa. 543; Williams's Est., 236 Pa. 259.

It is not inconsistent with delivery that the stock after the alleged gift was kept in a box to which the donor and donee had access: Leitch v. Bank, 234 Pa. 557; Mothes's Est., 29 Pa. Superior Ct. 462; Packer v. Clemson, 269 Pa. 1.

The language and expressions of the donor may be given to establish his intention to give as well as the delivery: Com. v. Crompton, 137 Pa. 138; Wise's Est., 182 Pa. 168; Mothes's Est., 29 Pa. Superior Ct. 462; Northern Trust Co. v. Huber, 274 Pa. 329; Hafer v. McKelvey, 23 Pa. Superior Ct. 202; Smith's Est., 144 Pa. 428.

Transfer stamps were not necessary: South Hills Trust Co. v. Baker, 83 Pa. Superior Ct. 243.

The Uniform Transfer Act does not invalidate a gift of stock because the donor failed to endorse the certificate.

If this stock was given by Ezra H. Connell to his wife prior to his death it is not subject to direct inheritance tax: Kratz's Est., 72 Pa. Superior Ct. 232; Martin's Est., 67 Pitts. 54.

OPINION BY MR. JUSTICE SADLER, March 16, 1925:

Ezra H. Connell died on November 10, 1921, leaving to survive him a widow and adopted child. The executors named in his will prepared an inventory, including therein such property as apparently belonged to him. In the safe deposit box, used jointly by husband and wife, two packages of securities were found, marked separately in the name of each, and all in his envelope were set forth in the appraisement filed. Later, it was discovered that a certificate of stock of the Scranton Button Company for 589 shares had been issued to the decedent, though held in actual possession by the wife, and the register of wills included it in the calculation made for the purpose of fixing the amount of collateral inheritance tax, determining its present worth to be $117,800, a valuation not the matter of dispute in this proceeding. A review of this decision was asked, as permitted by section 13, of the Act of June 20, 1919, P. L. 521, which provides that one "not satisfied with any appraisement of the property of a resident decedent may appeal, within thirty days, to the orphans' court, on pay-

ing or giving security to pay all costs, together with whatever tax shall be fixed by the court. Upon such appeal, the court may determine all questions of valuation and of the liability of the appraised estate for such tax." The inclusion of the item referred to was held, after hearing, to be unjustified, and stricken from the appraisement on the ground that the property did not belong to the decedent at the time of his death, but to the wife, and it is from the conclusion reached that this appeal is taken.

Though not the subject of contention in the court below,—indeed there was an express stipulation that the matters in contest should be passed upon by it,—the claim is now made that no jurisdiction to determine the question existed. Our cases hold that the ownership of an alleged asset of an estate, not included in either inventory or account, and claimed by another, cannot be settled by the orphans' court, the jurisdiction of the court being limited to the instances where it has been expressly, or by necessary implication, conferred: Cutler's Est., 225 Pa. 167. When property is formally claimed as belonging to the decedent, and to be a part of the estate, in either of the ways suggested, it may, however, pass on the question of title (Crosetti's Est., 211 Pa. 490; Williams' Est., 236 Pa. 259), with the right, in case of a substantial dispute, to certify the case to the common pleas for trial before a jury on the issue raised: Walkinshaw's Est., 275 Pa. 121. The appeal here is based on the alleged improper inclusion of a supposed asset of Connell in the collateral appraisement, and, in such case, the right to a review by the orphans' court is expressly given by the Act of 1919, above referred to. The objection, now raised on this ground for the first time, is without merit.

It remains therefore for us to determine whether the findings of fact of the court below were justified by the evidence, and the legal conclusions reached sustainable. The testimony showed the decedent had a large annual income under his father's will, though the principal of

the fund, from which it was derived, had not been transferred to him,—a matter, under the will, within the discretion of the executors, who had not, however, seen fit to do so, though urged. Without such action, the widow, upon his death, was limited to an annuity, which would provide a much smaller income than that to which she was accustomed, and it was therefore natural he should desire to make substantial provision for her and their adopted daughter. The stock of the Scranton Button Company, now in dispute, was issued to him, and the court below has found the certificate was delivered to her as a gift, and that she had it in her possession at the time of his death. The power of attorney, authorizing transfer on the books of the company, was not signed, nor were tax stamps attached.

The wife, as found by sufficient testimony, took a present control of the property, and placed it, with her other individual securities, in a safe deposit box rented by the husband, but used by both. His right of access thereto does not alter the situation, if there was a completed gift: Kaufmann's Est., 281 Pa. 519. The dividend checks were drawn in his name, as would necessarily follow, since the stock was so registered, and were endorsed by him and deposited by her in a bank account, upon which both had the right to draw, by virtue of a power of attorney duly filed with the institution where they did business. Both of these facts are important in considering whether an absolute transfer had been intended and made, but, in themselves, are not sufficient to show the contrary to be true. The reason for the failure to secure a new stock certificate was satisfactorily explained by a disinterested witness. Indeed, the intention to give was practically admitted by the Commonwealth, the argument being made, however, that the evidence showed it was to take effect only at death, and as a result a tax was chargeable, as determined by the register of wills. The conclusion of the learned court

below that there was a present gift is amply sustained by the record.

"To establish a gift inter vivos, two essential elements must be made to appear, an intention to make the donation then and there, and an actual or constructive delivery at the same time, of a nature sufficient to divest the giver of all dominion, and invest the recipient therewith": Yeager's Est., 273 Pa. 359. Both of these facts are established by the evidence in the present case. "It is now well settled that a valid gift of non-negotiable securities may be made by delivery of them to the donee without assignment or endorsement in writing. This principle has been applied to notes, bonds, stocks, and deposit certificates and life insurance policies....... While a gift needs no consideration to support it, yet the conditions surrounding the donor and donee are frequently cited to interpret the intention of the parties, and, if they are competent to give and competent to receive, and the transaction is completed by a voluntary transfer of possession, it is regarded by law as an executed contract": Hafer v. McKelvey, 23 Pa. Superior Ct. 202, 204; Com. v. Crompton, 137 Pa. 138; Wise's Est., 182 Pa. 168; Hani v. Germania Ins. Co., 197 Pa. 276; Mothes's Est., 29 Pa. Superior Ct. 462; Herbert v. Simson, 220 Mass. 480, 108 N. E. 65. The fact that the dividend checks were made out in the name of decedent, though to be considered in passing upon the intent to surrender ownership, is not conclusive. "The gift may be sustained as an executed gift even if the right to dividends had been retained for life. If all the essential requisites of a valid gift were present, as in this case, such right to dividends would not defeat the gift or reinvest title parted with": Packer v. Clemson, 269 Pa 1.

It is urged that this result does not follow in the present instance, since no title could pass until the proper tax stamps had been affixed, as required by the Act of June 4, 1915, P. L. 828. This legislation does not affect the title of the holder of the stock to whom it has been

transferred, though it makes the offender against its provisions liable to criminal prosecution: South Hills Trust Co. v. Baker, 83 Pa. Superior Ct. 243. Nor can the rights of the parties, as between themselves, be affected by the provisions of the Uniform Stock Transfer Act, adopted in 1911 (Act May 5, 1911, P. L. 126), which prescribes that title to certificates of stock shall pass by endorsement as of the time of registration of the transfer (section 9). What was said by the appellate court of another state, in considering a similar statute, applies equally here: "As for the ground of objection based upon Act No. 180 of 1910, that statute does not undertake to prescribe an exclusive mode of evidencing, as between the parties, a sale of stocks; its object is merely to regulate the mode of transfer upon the books of the corporation, and to furnish a rule for deciding between claimants contesting over the ownership of the stock": State v. Schofield, 136 La. 702, 67 So. 557. Our legislative provision, above referred to, was evidently inserted for the protection of the corporation, so that it might safely deal, in the payment of dividends, or otherwise, with the person in whose name the stock was registered, but was not intended to control the rights of the parties when one saw fit to transfer his rights to another, and a gift completed by delivery is effective as of the date made, though a formal issuance of a new certificate, upon surrender of the old, did not take place until a later period.

The act imposes the duty, upon the one who has equitably assigned his interest in the stock, to make a formal transfer when demanded, and a like duty upon his personal representative, if he dies before having done so,— a mere expression of the common law rule: Boston Safe Deposit Co. v. Adams, 224 Mass. 442, 113 N. E. 277. It does not mean that title fails to pass, as between the parties, when the certificate is actually handed over, the other essential elements of a gift being present: Reinhard v. Roby Co., 179 N. Y. Supp. 781. If the stock was

given with the intention to divest title, as the court has here found, then the one in whose name it stood at that time was precluded from further claim of ownership.

Connell desired to provide for the future of his family, and supply a principal fund for their support, in view of the fact that the income upon which they depended would end at his death. His solicitude was entirely natural, and the evidence warrants the conclusion he effectively carried out his desire. It follows that the decree, holding the decedent to have made a valid gift of the asset in question, and therefore not properly included in the collateral appraisement of his estate, was proper. The assignments of error are overruled.

The decree is affirmed at the costs of appellant.