## Pine Grove National Bank v. Dietrich.   No. 2.

*Promissory notes—Internal revenue stamps—Act of Congress of Nov. 23, 1921—Endorsement—Negotiable Instruments Act of May 16, 1901, P. L. 194.*

1. As the Act of Congress of Nov. 23, 1921, 42 Stat. at L. 227, requiring promissory notes to be stamped, contains no provision rendering them invalid if they are not stamped, they are admissible in evidence in actions upon them, even if they are not stamped or if the stamps have not been canceled as required by law.

2. A payee of a promissory note will pass title to the same by his endorsement, over which was written an agreement to relieve the endorsee from giving him notice of the dishonor and by which he himself assumes the costs of collection.

Motion for new trial. C. P. Schuylkill Co., March T., 1925, No. 262.

*J. L. N. Channell,* for plaintiff.

*J. W. Moyer* and *George L. Reed,* for defendant.

BERGER, J., Jan. 25, 1926.—This is a motion for a new trial filed by the defendant, a verdict having been directed against him in this action on a negotiable promissory note made by him March 20, 1924, payable sixty days

after date, to George H. Fehr. The plaintiff discounted the note before maturity for the payee upon his endorsement, which is as follows: "For value received, I hereby promise the payment of the within note at maturity or at any time thereafter, with interest at 6 per cent. per annum, until paid, and agree to pay all costs and expenses paid or incurred in collecting the same, waiving protest notice and demand of payment. (Signed) Geo. H. Fehr" (Seal). The defences set up in the affidavit of defence which were pressed at the trial are, (1) that the plaintiff is not a holder of the note in due course; and (2) that no United States revenue stamps were attached to the note and canceled, as required by law, when it was discounted. The defendant's offers of testimony to show that the plaintiff was not a holder in due course were properly rejected, and this action is not questioned in any of the reasons assigned for a new trial.

Two adhesive 10-cent internal revenue stamps were affixed to the back of the note, each of which was canceled by the cashier of the bank when the note was presented for discount, with an impression made by a rubber stamp. The note, though dated March 20, 1924, was discounted March 17, 1924, and the date of the imprint made by the rubber stamp in the cancellation of the internal revenue stamp is March 71, 1924, evidently caused by an inadvertence in adjusting the date line of the rubber stamp in an attempt to make it correspond with the date of its use. The note was received in evidence over the defendant's objection that it was inadmissible because no revenue stamps were attached to its face and canceled as required by law. The Act of Congress of Nov. 23, 1921, 42 Stat. at L. 227 (Revenue Act of 1921), requiring certain instruments and documents, including promissory notes, to be stamped, contains no provision rendering invalid and inadmissible in evidence such instruments and documents unless they are properly stamped. The Federal Revenue Law of June 13, 1898, ch. 448, 30 Stat. at L. 448, was the last of the United States Revenue Acts containing such a provision, and the weight of authority is that it and similar provisions contained in earlier United States Revenue Acts did not apply to proceedings in the state courts, for the reason that the Federal Government was without power to impose any burden on procedure in state courts: Farmers' Savings Bank v. Neel, 21 Am. Law Reps. 1116, 1120. It is true, as defendant contends, that in Chartiers and Robinson Turnpike Co. v. McNamara, 72 Pa. 278, it was held that the Act of Congress of July 13, 1866, 14 Stat. at L. 98, prohibiting the admission in evidence in any court of an unstamped paper, applied to state as well as Federal courts, but doubt is cast upon that ruling by Hunter v. Forsyth, 205 Pa. 466, 469. In Cole v. Ralph, 252 U. S. 286, 64 Law Ed. 567, it was held that the absence of the internal revenue stamps required on deeds by the Act of Congress of Oct. 22, 1914, ch. 331, § 322, sched. A, 38 Stat. at L. 745, neither invalidated the deeds nor rendered them inadmissable as evidence, because no provision was contained in the act making unstamped deeds either invalid or inadmissible in evidence. The Act of June 4, 1915, P. L. 828, imposes a state tax upon all sales or agreements to sell, or memoranda of sales of stock, and upon deliveries or transfers of shares or certificates of stock, and requires adhesive stamps to be affixed thereto and canceled to evidence the payment of the stamp tax, and provides penalties for failure either to affix or properly cancel the stamps as required by law, but contains no provision that unstamped or improperly stamped instruments are either invalid or inadmissible in evidence. In construing this act, South Hills Trust Co. v. Baker et al., 83 Pa. Superior Ct. 243, it was held that failure to affix the necessary stamps to a transfer of stock did not invalidate the transfer or make the

472          DISTRICT AND COUNTY REPORTS.          [7 D. & C.]

Pine Grove National Bank v. Dietrich. No. 2.

certificate of stock inadmissible in evidence, but merely subjected the offender to the penalties of the act. Assuming, therefore, without deciding, the correctness of defendant's contentions that the note in suit is unstamped, or, if properly stamped, that the stamps have not been canceled as required by law, he cannot avail himself of that as a defence in this action.

The defendant also contends that the endorsement upon the note is insufficient to pass the title of it to the plaintiff. The payee could have negotiated the defendant's note by endorsement in blank, completed by delivery, pursuant to sections 30 and 31 of the Negotiable Instruments Law, Act of May 16, 1901, P. L. 194, or by special endorsement, as provided by section 35 thereof, which reads as follows: "The holder may convert a blank endorsement into a special endorsement by writing over the signature of the endorser in blank any contract consistent with the character of the endorsement." The contract of the endorser with the endorsee, the plaintiff, written over his blank endorsement, is not inconsistent with his obligation as an endorser in blank, for his endorsement is a contract of suretyship making him absolutely liable for the payment of the note: Iron City National Bank v. Rafferty, 207 Pa. 238. See, also, Act of July 24, 1913, P. L. 971. The effect of the special endorsement was merely to relieve the plaintiff from giving notice of dishonor to the endorser and to impose the costs of collection on the endorser. In our opinion, the plaintiff acquired title to the note by the payee's endorsement; hence, all the reasons for a new trial are overruled.

And now, Jan. 25, 1926, motion for a new trial refused. The prothonotary is directed to enter judgment upon the verdict in favor of the plaintiff and against the defendant, upon payment of the jury fee.

From M. M. Burke, Shenandoah, Pa.