## Parish's Estate.

*George B. Balmer, Zieber & Snyder* and *Morgan, Lewis & Bockius,* for appellant.

*Paul D. Edelman,* for Register of Wills.

Marx, P. J., Dec. 28, 1929.—This cause arises upon the application of the Commonwealth to dismiss the appeal of Fidelity-Philadelphia Trust Company, executor of the will of Neff E. Parish, deceased, from the appraisement of certain real estate, for inheritance tax purposes, as part of the estate of said decedent.

An appeal having been taken, a petition for a citation to show cause why the appeal should not be allowed was presented, the citation issued, the Commonwealth moved the dismissal of the appeal and citation, and the appellant filed an answer. From these pleadings we find:

1. Neff E. Parish died, a resident of Berks County, July 11, 1928.

2. Said decedent left a last will and testament, in writing, dated Jan. 19, 1921, and a codicil thereto, also in writing, of the same date, under which he did not specifically dispose of the real estate involved in this proceeding and disposed of the residue of his estate in the following terms:

"Fourth. All the rest, residue and remainder of my estate, real and personal, whatsoever and wheresoever, I give, devise and bequeath to my Trustee hereinafter named, In Trust, to invest and keep invested, and the net income and profit thereof to pay over as follows:"

3. Testator further directs as follows: "I direct that all taxes, Federal and State, payable by my estate or chargeable on the legacies, bequests and annuities created by this my will, shall be paid out of the residue of my estate and not by any of the beneficiaries."

4. Said will and codicil were probated on July 26, 1928, and letters testamentary were granted to Fidelity-Philadelphia Trust Company, successor to Fidelity Trust Company, one of the executors named therein. The executors named in said will were also named and constituted trustees under the terms of said will.

5. By indenture bearing date Feb. 14, 1928, Neff E. Parish and Lillian W. Parish, his wife, conveyed to Potter P. Parish all that certain two and one-half story stone house and farm, containing 50 acres, in Oley Township, Berks County, Pennsylvania, which said deed is recorded in the office for the Record-

ing of Deeds in Berks County in Deed Book vol. 683, page 276, the consideration named therein being $12,500.

6. By indenture bearing date Feb. 14, 1928, Neff E. Parish and Lillian W. Parish, his wife, conveyed to Potter P. Parish all that certain two and one-half story stone house and farm, containing about 190 acres, in Oley Township, Berks County, Pennsylvania, which said deed is recorded in the office for the Recording of Deeds in Berks County in Deed Book vol. 683, page 278, the consideration named therein being $19,500.

7. By indenture bearing date Feb. 14, 1928, Neff E. Parish and Lillian W. Parish, his wife, conveyed to Potter P. Parish all that certain two-story frame house, barn and farm, containing about 229 acres, in Amity Township, Berks County, Pennsylvania, which said deed is recorded in the office for the Recording of Deeds in Berks County in Deed Book vol. 683, page 280, the consideration named therein being $17,500.

8. Neither the executor of said will nor the grantee named in said indentures, nor any other person in interest, gave information concerning the aforesaid three tracts of real estate to the Register of Wills of Berks County pursuant to or under the provisions of section 17 of the Act of Assembly of June 20, 1919, P. L. 521, 526.

9. By appraisement dated July 9, 1929, the State Inheritance Tax Appraiser for the County of Berks entered and filed an appraisement of said three tracts of real estate, for inheritance tax purposes, under the provisions of the act of assembly aforesaid, and valued said three tracts as follows:

| | |
|---|---|
| Farm 50 acres—two and one-half story stone house, Oley Township, Berks County, Pennsylvania | $12,500 |
| Farm 190 acres—two and one-half story stone house, Oley Township, Berks County, Pennsylvania | 19,500 |
| Farm 229 acres—two-story stone house and barn, Amity Township, Berks County, Pennsylvania | 17,500 |

10. On Aug. 7, 1929, Fidelity-Philadelphia Trust Company, executor of the will of Neff E. Parish, deceased, appealed to this court from the inclusion in the appraisement, for inheritance tax purposes, of the recited three tracts of real estate, and on the same day presented and had approved its bond on appeal.

11. On Aug. 27, 1929, said appellant presented its petition, praying that a citation issue, directed to the Register of Wills of Berks County, to show cause why the appeal should not be sustained and the recited appraisement made void and of no effect. A citation issued as prayed.

12. On Sept. 28, 1929, the register of wills, agent for the Commonwealth of Pennsylvania, moved that the aforesaid appeal be dismissed, and assigned the following reasons:

"1. That appellant in the above entitled appeal, Fidelity-Philadelphia Trust Company, the executor of the last will and testament of the said decedent, is and was without authority under the law to take such an appeal.

"2. That the appeal filed on the 7th day of August, 1929, from the appraisement for transfer inheritance tax in the above estate sets forth no reasons, specifications or grounds of objection to said appraisement, and is, therefore, insufficient, incomplete and not in compliance with the law."

13. On Oct. 16, 1929, appellant filed an answer to said petition for dismissal, setting forth the following reasons in avoidance thereof:

"1. The Fidelity-Philadelphia Trust Company, as executor of the estate of Neff E. Parish, deceased, has such an interest under the will of the said dece-

dent, a copy of which is attached hereto, marked Exhibit 'A,' as to enable it to appeal from the said appraisement, and is entitled to make the said appeal according to the laws of the Commonwealth of Pennsylvania.

"2. Nothing in the law of the Commonwealth of Pennsylvania requires the said appeal to contain reasons, specifications or grounds of objection."

## Discussion.

This appeal was taken under the provisions of section 13 of the Act of Assembly of June 20, 1919, P. L. 521, which provides:

"Any person not satisfied with any appraisement of the property of a resident decedent may appeal, within thirty days, to the Orphans' Court. . . . Upon such appeal, the court may determine all questions of valuation and of the liability of the appraised estate for such tax, subject to the right of appeal to the Supreme or Superior Court."

That this court has jurisdiction to determine the questions raised upon the appeal under the specified facts of this case seems to be settled by the decision of the Supreme Court in Connell's Estate, 282 Pa. 555.

The Commonwealth, under the first reason set forth in its motion for a dismissal of the appeal, contends that the executor of the will of this decedent, having no interest whatsoever in real estate included in the appraisement, is without a right to appeal, and that the appeal must, consequently, fall. This position raises the question of the right to appeal. The Act of April 10, 1849, § 12, P. L. 570, provided:

"That any person or persons dissatisfied with said appraisement or assessment shall have the right to appeal within thirty days to the Register's Court of the proper county."

This act of assembly did not impose any duties upon executors or administrators in respect to the valuation of real estate. In construing the act, the Supreme Court, in Com. v. Coleman's Admin'r, 52 Pa. 468, concluded (page 472):

". . . it is impossible to see in them [the recited acts of assembly] any legislative intent to make executors and administrators parties to the proceeding.

"It is true that the tax is assessed upon the value of the estate that remains after payment of debts; that executors and administrators are the proper parties 'to adjust and pay the debts of decedents;' and though the personal estate is primarily the fund for payment of debts, it is also true that in Pennsylvania lands are also assets for the payment of debts. But they are not assets in the hands of administrators, nor indeed in the hands of executors, unless made so by the will of the testator, but are rather assets in the hands of the Orphans' Court, to be ordered to sale as often and when the personal representatives can show that court that necessity to sell or mortgage them exists. Administrators do not represent the realty of the decedent. They give no bond that covers it, and though they may collect rents for it, they cannot touch it even for the payment of debts except by order of the Orphans' Court, and then only upon giving an additional bond for the due application of the proceeds. . . . It wholly belongs to the *heirs* to question the valuation of the real estate, and to pay the tax. They are the only parties who have a right to be 'dissatisfied' with the valuation of the realty, and, therefore, are the only parties who have the right of appeal."

To the same effect are the decisions in Merkel's Estate, 131 Pa. 584, and Morrison's Estate, 196 Pa. 80. Since an executor has no more to do with a decedent's realty than has an administrator, unless there is a provision in

the will imposing some duty upon him in regard to it (Kelley's Estate, 297 Pa. 17, 21), it follows that, unless, under the circumstances of this case, or some particular provision of this will, there is imposed upon the executor or trustee some duty relative to the valuation of this real estate or the payment of the tax assessed against the same, this appellant cannot be included under the classification established by the words of section 13 of the recited Act of 1919, "any person not satisfied." Referring to the testator's will, we find no reference to the real estate here involved. It is not specifically or impliedly mentioned. True, under an examination of the will, it might be concluded that the real estate was included in the residuary bequest and devise. This view, however, is entirely overcome by the fact that testator, in his lifetime, by his own conveyances, dated Feb. 14, 1928, presumptively delivered on that day, placed the real estate beyond his own power and, consequently, beyond the power of his last will and testament and beyond the authority of any executor or trustee appointed thereunder. Further, under the fourth item of the will, testator directs ". . . that all taxes, Federal and State, payable by my estate or chargeable on the legacies, bequests and annuities created by this my will, shall be paid out of the residue of my estate and not by any of the beneficiaries." Again, we must conclude that the grantee under testator's deeds was not a beneficiary contemplated by or included under the terms of said testamentary provision. In fact, we can find nothing in testator's will in any way or to any extent imposing any duties or obligations upon the executor or trustees relative to the assessment or payment of inheritance tax. The Act of 1919 does require executors and administrators to report decedent's real estate liable for tax. A reading of the case of Com. v. Coleman's Admin'r, *supra*, page 471, shows that prior legislative enactments, in this respect, imposed similar duties upon fiduciaries, without rendering them liable for assessment or payment of tax and without making them eligible to the right of appeal.

A consideration of the rights and duties of all parties under the conveyances and of the responsibility of the executor and trustee under the will and under legislative enactments satisfies us that no duty or liability in connection with the assessment or payment of inheritance tax is imposed upon this appellant. If the conveyances executed, delivered and recorded should be set aside or avoided for fraud or other reason, and the real estate in question be brought back into the estate of this decedent, a different question would be met. Here, however, there is no suggestion of such avoidance nor any intimation of any right or estate against the conveyed fee. So long as the conveyances stand, the only person interested in the real estate conveyed is the grantee named in the conveyances. He and he alone is interested in the assessment and payment of the inheritance tax if any be found to be due against the same. There is no liability on this appellant, and, consequently, there rests in the appellant no right, as a dissatisfied party, to appeal.

### Conclusion.

Our conclusion is that the appellant is without the right to appeal and that the petition of the Commonwealth, asking that the appeal be dismissed, must accordingly be sustained. This conclusion renders unnecessary a consideration of the second ground urged by the Commonwealth to this same end. The appeal of the Fidelity-Philadelphia Trust Company, executor of the will of Neff E. Parish, deceased, is accordingly dismissed, at the costs of the appellant.

From Charles K. Derr, Reading, Pa.