## Millard Estate

*Drinker, Biddle & Reath* and *Siegrist, Koller & Siegrist*, for petitioners.

*C. V. Henry, Jr.*, for respondents.

EHRGOOD, P. J., May 18, 1951.—This matter is before the court on a petition praying that a citation issue directed to Ernest D. Williams, Laura M. Williams, Ernest D. Williams, Jr., Harry M. Williams, Jack L. Williams, and Marian Millard, ordering and directing them to show cause why exhibits B to G, inclusive, should not be declared null, void and of no effect, and why their surrender to petitioner, being the Fulton National Bank, of Lancaster, Pa., one of the executors of decedent, should not be directed; and that in addition, Ernest D. Williams and Laura M. Williams be required to show cause, if any they have, why they should not be required and directed to join with petitioner, in filing an inventory and appraisement wherein 6,900 shares of class B stock of the H. E.

Millard Lime and Stone Company are included as part of the estate of decedent, and for such other and further relief as may be appropriate in the premises.

The facts in this case are stated in the petition, the answer, and the reply to the answer, and are as follows:

Harry E. Millard, hereinafter called decedent, died March 17, 1950, a resident of North Annville Township, Lebanon County, Pa., and the Fulton National Bank, Lancaster, Pa., Ernest D. Williams and Laura M. Williams are the executors of his last will and testament. On January 20, 1950, decedent executed an assignment and power of attorney transferring to the six respondents, being his issue and son-in-law, 6,900 shares of class B common stock of H. E. Millard Lime and Stone Company, a corporation. The assignment, duly executed by decedent, was for 1,150 shares of the stock to each respondent. These assignments were thereupon delivered to his son-in-law, Ernest D. Williams, and were by him conveyed to Pennsylvania where they were handed to L. S. Alspach, secretary of the corporation, for the purpose of transferring the shares upon the books of the corporation. This transfer was not completed, however, for the reason that the stock certificate, no. B-26 for 6,900 shares, was in the safe deposit box of decedent in the Annville National Bank, Annville, Pa., at the time of the assignment, and remained there until the death of this decedent. Decedent was in Florida at the time of the assignment and on or about February 4, 1950, was stricken ill and was returned to his home on or about March 13, 1950, by train and ambulance in an unconscious condition, and died four days thereafter at his home before the transfer of stock could be completed upon the books of the corporation. Decedent had not executed and delivered a power of attorney to enter his lock box in the Annville National Bank to anyone.

Decedent for the three years prior to 1950 had made gifts of the shares of class B stock to the same members of his family by separate assignment.

The sole question before this court is whether, under all the agreed facts, there was a valid gift inter vivos by decedent on January 20, 1950, of 6,900 shares of class B common stock of the H. E. Millard Lime and Stone Company, represented by certificate no. B-26. Neither petitioner nor respondents challenged the existence of a present intention on the part of decedent to make the questioned gift. The questioned gift was the final one in a series of prior gifts, as aforesaid, of stock in the same corporation to respondents, and the method adopted by decedent was substantially identical with that followed by him in the earlier gifts. Wherefore, there can be no doubt that decedent, in delivering the assignments, had an intention to make a present gift of the shares and that the same was not made in contemplation of death. The question to be determined was whether there was such an actual or constructive delivery as divested the donor of all control over the shares of stock which were the subject of the gift and invested the donees therewith.

Petitioners contend that the delivery of a separate written assignment is ineffective to create a valid gift inter vivos of corporate stock in view of the provisions of the Uniform Stock Transfer Act, citing Parker v. Colonial Building-Loan Association, 111 N. J. Eq. 49, and Johnson v. Johnson, 300 Mass. 24.

The precise questions raised in this proceeding have not been decided by the lower and appellate courts in Pennsylvania so it appears that the question is one of first impression in this State.

If the Uniform Stock Transfer Act (15 .PS §§301-324), is to be given full effect, it seems clear that the delivery of a separate written assignment of stock, without delivery of the certificate, cannot constitute

a valid gift inter vivos, since it neither divests the donor of all domain over the subject nor invests the donee therewith.

Section 1 of the Uniform Stock Transfer Act provides:

"Section 1. That title to a certificate and to the shares represented thereby can be transferred only—

"(a) By delivery of the certificate, indorsed either in blank or to a specified person, by the person appearing by the certificate to be the owner of the shares represented thereby, or

"(b) By delivery of the certificate and a separate document containing a written assignment of the certificate or a power of attorney to sell, assign, or transfer the same or the shares represented thereby, signed by the person appearing by the certificate to be the owner of the shares represented thereby. Such assignment or power of attorney may be either in blank or to a specified person."

Section 10 provides:

"10. An attempted transfer of title to a certificate or to the shares represented thereby without delivery of the certificate shall have the effect of a promise to transfer, and the obligation, if any, imposed by such promise shall be determined by the law governing the formation and performance of contracts."

Wherefore, petitioner contends that under the provisions of the act the delivery by H. E. Millard of the written assignments amounted only to a promise to transfer the shares of stock which, not being supported by consideration, was unenforcible.

Respondents contend that the execution by decedent of these assignments and delivery of the same to Ernest D. Williams constituted a valid gift inter vivos. They argue that there are two essential elements to such a gift of an intention to make the gift, then and there, and such actual or constructive de-

livery at the same time to the donee as divests the donor of all domain over all such matter and invests the donee therewith, citing Reese v. Philadelphia Trust Safe Deposit & Insurance Company, 218 Pa. 150.

Respondents also contend that under the circumstances before us, a valid gift was made, citing 99 A. L. R. 1077, 1084, and also 12 Fletcher Cyc. Corp. secs. 5683-84, pages 959, 960, 963. These text book authorities hold that delivery must be actual so far as the subject of the gift is capable of delivery or otherwise it must be such delivery as the nature of the subject of the gift reasonably permits, and must clearly manifest an intention on the part of the donor to divest himself of title and possession. Constructive or symbolical delivery may pass the title which can be deducted from the acts or conduct of the parties or the delivery of something representing the subject of the gift or the right thereto. A complete gift of corporate stock may be made without actual manual delivery of the certificate of stock by a constructive delivery of the stock resulting from the acts of the donor, or by the delivery of an instrument of gift whereby he has divested himself of all right and title to the stock and complete ownership thereof has passed to the donee.

In 99 A. L. R. 1084, separate assignments are discussed, and it is stated that delivery of a separate written instrument assigning or transferring corporate stock to the donee is sufficient to complete the gift thereof without manual delivery of the certificate of stock, citing Harris v. Harris, 222 Ill. App. 164; Re Valentine, 204 N. Y. S. 284.

In Fletcher Cyc. Corp. sec. 5683, at page 959, it is held that symbolical delivery of a certificate of stock as a gift is sufficient if conditions are so adverse to actual delivery as to make symbolical de-

livery as nearly perfect and complete as circumstances will allow.

In re Cohn, 187 App. Div. 392, 176 N. Y. S. 225, it is held that actual delivery of certificate is not necessary where it is at a distance so that actual delivery is impossible.

In Connell's Estate, 282 Pa. 555, an analogous situation arose where a valid gift of non-negotiable securities was held to have been made by delivery to the donee without an assignment or endorsement in writing. This was on an appeal from appraisement for inheritance tax purposes on the grounds of improper inclusion of a supposed asset. The stock certificate in the husband's name was delivered to his wife during his life, and in her possession at death, and was held to be a gift inter vivos, notwithstanding the assignment was not executed, which was held immaterial as the gift was otherwise complete. The court further held that the rights of the donor and donee of the stock certificate were not affected as between themselves by the Uniform Stock Transfer Act of 1911, prescribing title to stock certificates passed by endorsement as of the time of registration of the transfer. It was held that the provisions of the Act of 1911 are for the purpose of protecting the corporation only, and the title passes as between the parties when the certificate is handed over, and the other essential elements of a gift are present. It was further held that this was an equitable assignment of the donor's interest in the stock. It was his intention to divest himself of title, and he was precluded from further claim of ownership.

In Fletcher Cyc., sec. 5683, page 960, it is stated that delivery need not be made directly to the donee but a delivery to a third person as agent or trustee for the use of the donee is sufficient, citing Packer et al. v. Clemson 269 Pa. 1.

In Murphy's Estate, No. 2, 53 D. & C. 315, it was held:

"It seems, that a gift of personal property may be made by deed, without delivery of the property, but in all cases it must be considered whether the attending circumstances sufficiently explain the failure to make delivery." (syllabus)

It is the opinion of this court that the appellate courts of New York and Illinois are correct in holding that the provisions of the Uniform Stock Transfer Act of 1911 are for the purpose of protecting the corporation only, and the title passes between the parties when the certificate is handed over, and the other essential elements of a gift are present. We are further of the opinion that the appellate courts of Pennsylvania would also hold the same. See Connell's Estate, supra.

Under the authorities above cited, and considering the admitted facts and circumstances under this case, it is apparent that the intention of this decedent was to make a valid gift inter vivos, and was accompanied by a constructive or symbolic delivery of the stock certificate by the execution and delivery of the assignments. Further, that the actual delivery of stock certificates was impracticable as it was in Pennsylvania while the donor was in Florida, and that the donor, upon his return to Lebanon County, was physically incapable of delivering the actual stock certificate to the donees or the secretary of the corporation, prior to his death.

Wherefore, we will make the following

### Order and Decree

Now, May 18, 1951, the preliminary order of this court directing respondents to show cause why exhibits B to G, inclusive, should not be declared null and void and of no effect, and why their surrender to

petitioner should not be directed; that in addition Ernest D. Williams and Laura M. Williams be required to show cause, if any they have, why they should not be required and directed to join with petitioner in filing an inventory and appraisement wherein the 6,900 shares of class B common stock of the H. E. Millard Lime and Stone Company are included as part of the estate of decedent, is hereby overruled; and Ernest D. Williams and Laura M. Williams and Fulton National Bank, of Lancaster, executors of decedent, are hereby directed to secure the transfer of the 6,900 shares of class B stock of H. E. Millard Lime and Stone Company by the proper officers of the company, and to deliver the same to respondents, as provided for in the assignments and power of attorney executed and delivered by decedent; and that the 6,900 shares of class B stock aforesaid shall not be included in filing the inventory and appraisement of the estate of decedent. The costs of this proceeding are to be paid by the estate of decedent.