**Murphy Estate**

*Charles H. Welles,* for appellant.

*Sidney Z. Levy,* for Commonwealth.

SIROTNAK, P. J., May 2, 1969.—The issue before the court is a narrow one, involving an appeal from an inheritance tax assessment.

Catherine I. Murphy, decedent, died on August 3, 1968, and letters testamentary on her estate were granted to M. Josephine Murphy, sister of decedent.

During the lifetime of decedent a safe deposit box in the Northeastern Pennsylvania National Bank and Trust Company was obtained and registered as follows:

"Misses Catherine or Josephine Murphy or Wm.. R. Murphy, Sr. or Mrs. Catherine Murphy Weeks."

The addition of the latter two, a nephew and a niece of decedent, was for the purpose of accommodation for entry to the safe deposit box.

Upon the death of Catherine I. Murphy, entry was made to the safe deposit box, as shown by a copy of the access record, on August 29, 1968, for the purpose of making a search for a will. Again on September 4, 1968, entry was made, according to the access record, to the safe deposit box registered in the name of decedent, at which time there was present with Miss M. Josephine Murphy, Mr. Gilbert MacFadyen, assistant cashier of said bank, and the contents of the box were listed on the Department of Revenue safe deposit box inventory form. Amongst the items listed on the inventory form was a certificate for 40 shares of General Motors stock bearing the signature of decedent together with the name of Josephine Murphy as assignee, which certificate bearing said endorsement was undated. Said certificate was subsequently forwarded by the assignee to the corporate entity for proper processing. These shares were not included in the inventoried assets for inheritance tax purposes, and the Commonwealth of Pennsylvania, through the register of wills as agent, assessed an additional inheritance tax on said stocks in the amount of $452.97. Through counsel for the estate of decedent, timely protest was filed with the Department of Revenue at Harrisburg, according to law, which protest was denied for the reason that the presumption that the stock was transferred in contemplation of death had not been satisfactorily rebutted. Hence, this appeal.

The Inheritance and Estate Tax Act of June 15, 1961, P.L. 373, 72 PS §2485-221, provides as follows:

"C. Inter Vivos Transfers

"Section 221 . . .

"(a) Consideration. All transfers of property, specified in sections 222-226, which are made during his lifetime by a resident or a nonresident, to the extent that they are made without valuable and adequate consideration in money or money's worth at the time of transfer, are subject to tax under this act.

". . .

"Section 222. Contemplation of Death. A transfer conforming to section 221(a), and made in contemplation of the death of the transferor, is subject to tax under this act. A transfer shall not be deemed or held to have been made in contemplation of death if made more than two (2) years prior to the death of the transferor, but, unless shown to the contrary, shall be deemed to have been in contemplation of death if it is of a material part of the transferor's estate and is made within two (2) years prior to the death of the transferor.

"A transfer is made in contemplation of death when the dominant or impelling motive, but not necessarily the sole motive of the transferor, was prompted by the thought of death, without which motive the transfer would not have been made. The term is not restricted to the expectancy of imminent death which actuates the mind of a person making a gift causa mortis."

Appellant contends that the stock is not an asset of the estate for taxing purposes because decedent assigned and delivered said stock to M. Josephine Murphy, her sister, prior to two years before her death, and as such, pursuant to section 222, it is conclusively presumed that the transfer was not made in contemplation of death.

It is to be noted that the inheritance tax statement shows the gross value of the estate of decedent, including jointly held property and the value of the stock in question, to be the sum of $44,119.07, and the net estate for taxing purposes amounts to $39,033.61.

At the hearing in this matter, appellant, M. Josephine Murphy, executrix and beneficiary under the will of decedent, testified, in substance, that her sister had been ill for a period of four years and during the period of her illness, at least for two years prior to her death, decedent did not make any visit to the bank for the purpose of having access to the safe deposit box registered in her name. This is evidenced by a copy of the access record obtained from the depository. This is not disputed. The mere fact, however, that decedent did not visit the depository does not conclusively set the time of the transfer of the securities in question.

Nowhere in the record of her testimony, and upon repeated inquiries, is there any indication of the specific time when the stock certificate was signed by decedent and delivered to her. The substance of her testimony indicates that when she was putting her own things into the safe deposit box she saw the endorsed certificate and wondered why all the certificates were not endorsed to her. While it is a fact that decedent did not, within the last two years prior to her death, make a visit to the bank or to the safe deposit box, nevertheless the access record maintained by the bank discloses that appellant, M. Josephine Murphy, had occasion to visit the safe deposit box on January 12, 1967, and on two occasions on January 12, 1968. She testified that she obtained possession of the stock certificate when she was down at the bank putting her own things in the box. It is noteworthy to indicate that upon inquiry by the court she testified:

"Q. BY THE COURT: Miss Murphy, when were you first aware of the fact that this stock that your sister had owned was transferred over to you?

"A. Well, to tell the truth, I didn't know—I don't know when it was, because I happened to look at it when I was putting it in and I thought, 'Oh, some of the shares have my name on and some haven't,' and I didn't even know why they all didn't have it."

Throughout the entire testimony of appellant, although inquiry was made as noted therein, there was no definite indication as to when the transfer was executed, other than the fact that it must have been during the illness of decedent.

Counsel for appellant cites Connell's Estate, 282 Pa. 555, to substantiate his position that there was a completed gift to the donee in the instant case and that the circumstances in Connell's Estate, supra, are similar to the facts in the instant case. With this, we do not disagree, for the case stands for the fact that any income that may be derived from the substance of the gift during the lifetime of the donor is of no consequence if the donor shall have immediately transferred to the intended donor all control and dominion over the principal of the fund by assignment or unconditional delivery of the written evidence thereof. The case was decided prior to the Inheritance and Estate Tax Act of June 15, 1961.

No one is contesting the completion of the gift to the donee. The real question is, "When was the transfer made?" Was it made at a time when it would be conclusively presumed not to have been made in contemplation of death under the aforementioned provisions of the Inheritance and Estate Tax Act of June 15, 1961, or was the transfer made within the period when

there is a presumption available to the Commonwealth which must be rebutted by appellant?

It is noted that no medical testimony was presented as to the condition of the donor which would aid in the determination of the physical well-being of the donor within the presumptive period prescribed by the statute. The fact that the donor was unable to obtain access to the safe deposit box does not determine the delivery date of the stock. The gift might have been made within the presumptive period under the statute, as there is evidence of access to the safe deposit box by the donee, at which time it was indicated the donee was first aware of the endorsement of the stock to her.

On the posture of the entire record, it is the opinion of the court, and we do so hold as a matter of law, that there is insufficient evidence presented in behalf of appellant to rebut the presumption that the transfer of the stock was made to the donee-appellant within two years of the death of decedent and in contemplation of death. Therefore, the stock certificate should be included in the inventoried assets of decedent's estate for purposes of tax appraisement and assessment.

Accordingly, we make the following

## ORDER

Now, to wit, May 2, 1969, the appeal of appellant is dismissed, and it is ordered and decreed that the 40 shares of General Motors stock, the subject of the gift, be included in the inventoried assets of decedent for inheritance tax purposes.