[No. 29982.  Department Two.  November 12, 1946.]

*In the Matter of the Estate of* M. L. HAMILTON, *Deceased.*

ELLA E. MOSES, *Individually and as Executrix, Appellant,* v. HARRY HAMILTON SHARPE *et al., Respondents and Cross-appellants.*[1]

[1]Reported in 174 P. (2d) 301.

*Fred C. Campbell,* for appellant.

*Graham K. Betts,* for respondents and cross-appellants Harry Hamilton Sharpe *et al.*

*Bassett & Geisness,* for respondent and cross-appellant Grace Hamilton Sharpe.

MILLARD, C. J.—M. L. Hamilton died testate in Seattle November 2, 1944. Ella E. Moses was named executrix of his nonintervention will, which was duly admitted to probate. The executrix proceeded with the administration of the estate and sold all the real and personal property of the estate not specifically devised or bequeathed. September 4, 1945, she filed her final report and petition for decree of distribution. Graham K. Betts was appointed by the court as guardian *ad litem* for Harry Hamilton Sharpe and Kathleen Sharpe, minor grandchildren of the deceased; and Samuel B. Bassett appeared as attorney for Grace Hamilton Sharpe, daughter of the deceased and beneficiary under the will. Ella E. Moses, as executrix of the estate and individually, was represented by other attorneys.

April 8, 1946, the decree of distribution with the court's findings was entered. The resignation of Ella E. Moses as trustee of the testator's grandchildren was approved, and Grace Hamilton Sharpe, mother of the minors, was appointed trustee for the two minor children and the guardian of their property.

Ella E. Moses appealed from the decree, and Grace Hamilton Sharpe and the two minors, through their guardian *ad litem,* cross-appealed.

· Appellant challenges as incorrect the decision of the trial court that appellant, who converted the real and personal property of the estate into cash, is not entitled to one half of those proceeds, but is entitled to only one half of the cash on hand at testator's death and one half of the income of the estate.

That portion of the decree of which appellant complains provides that one half of all the money of which the testator was possessed at the time of his death and one half of any income derived from his estate be distributed to appellant and the remaining one half of the money and income to be distributed to the three respondents share and share alike.

The paragraph of the will under consideration reads as follows:

"FOURTH: I hereby give, devise and bequeath one-half of any income derived from my estate, including one-half of any or all money of which I may be possessed at the time of my death, to Ella E. Moses, the remainder of any of the property of said one-half bequeathed to Ella E. Moses remaining at the time of her death shall go to my daughter, Grace Sharpe, and to my grandson Harry Hamilton Sharpe, and to my granddaughter, Kathleen Sharpe, in proportion to the hereinafter bequests to them. In case, in the judgment of Ella E. Moses, it is advantageous to sell any of the personal or real property of my estate, she may have power to convert same into cash, which is to be distributed one-half to the said Ella E. Moses, and the remaining one-half from such sale shall be divided as follows:

"One-third of said remaining one-half to my daughter, Grace Sharpe, and the remaining two-thirds of said one-half to my grandson, Harry Hamilton Sharpe and my granddaughter, Kathleen Sharpe, divided equally between said grandson and granddaughter, same to be set aside and used for their education, said Ella E. Moses to act as trustee of said funds, to be paid out by her for their education and expenses, and any remainder of said two-thirds of their portion that remains unexpended when each reaches the age of 21 years, shall be turned over to them. In the event of the death of the said Ella E. Moses before the said grandchildren reach the age of 21 years, it is my wish that my daughter, Grace Sharpe, shall act as trustee for said funds, or any property to which they are entitled under this will."

■ It is a well-established principle that the right to dispose of one's property by a will is not only a valuable right, but is one assured by law and will be sustained whenever possible. *In re Elliott's Estate,* 22 Wn. (2d) 334, 350, 156 P. (2d) 427.

■ There is no question in this case as to the testamentary capacity of the testator. In giving effect to a will, the intention of the testator as expressed in the will is to be fully and punctually observed so far as it is consistent with the established rules of law. Where possible, the last will of a competent testator will be upheld, and courts will not by technical rules of statutory or other legal construction defeat the right of the testator to have effect given to the latest expression of his testamentary wishes. *In re Elliott's Estate, supra.*

The language of paragraph No. 4, quoted above, which gives to appellant one half of any income derived from the testator's estate, including one half of any or all money of which the testator was possessed at the time of his death, is plain and unambiguous, as is the language authorizing appellant to sell the property of the estate, when she deemed it advantageous to do so and to retain one half of the proceeds from such sale or sales.

In so far as the decree distributes to appellant one half of the income and one half of the money on hand at the time of testator's death and any remainder of said one half at the time of the death of appellant to the three respondents, it is correct.

■ The award to the three respondents of all of the proceeds from the sale by appellant of the real estate of the estate is contrary to the expressed direction of the testator in paragraph No. 4 that, if in the judgment of Ella E. Moses it is advantageous to sell any of the personal or real property of the estate, she is given power by the will to convert same into cash and of such proceeds one half is to be distributed to appellant and the remaining one half of the proceeds from such sale divided among the three respondents.

We do not agree with respondents that, under paragraph No. 4 of the will, the testator did not intend that appellant

should gain any advantage for herself only by the exercise of the right given to her to sell any of the property when in the judgment of appellant it was advantageous to do so. We repeat, the language is clear and unambiguous and the intention of the testator clearly expressed that, if appellant deemed it advantageous to do so, she was authorized to sell any of the personal or real property of the estate and to retain one half of the proceeds from such sales.

Cross-appellants complain of those provisions of the decree to the effect that certain parcels of real estate are not the property of the estate, but are the property of appellant, and that silverware, china, and jewelry are the property of appellant and are not property of the estate.

The assignment of cross-appellants that the court erred in holding that the paintings, china, silverware, and certain household furniture were property of appellant is without substantial merit. The evidence does not preponderate against the findings that appellant acquired title to that property through a sale by the testator in his lifetime to her upon the payment of a certain consideration.

■ The assignment that the court erred in holding that certain parcels of real estate described in exhibits Nos. 5, 6, and 7 are not the property of the estate, but belong to appellant, is well taken. The three deeds evidenced by exhibits Nos. 5, 6, and 7, in which M. L. Hamilton is named as grantor of certain real property to appellant, were never delivered to appellant; in fact, appellant testified that if he gave her a deed she did not remember it. She knew nothing of the transactions. There was no delivery of the deeds to appellant, and she never paid any part of the purchase price of the property. The property represented by the three deeds is a part of the estate.

Cross-appellants next complain that a diamond and sapphire lady's brooch was not, as held by the trial court, a bona fide gift *inter vivos* from the testator to appellant.

■ While the trial court was convinced that the brooch was actually given by the testator to appellant—hence is not a part of the estate—we do not find any evidence that the brooch was ever given to appellant. There is some tes-

timony to the effect that the testator remarked that he wanted appellant to get the pin, but there is no evidence that prior to the time that he was mentally stricken—hence incapable of making a gift—he ever evinced anything more than an intention to give the brooch to appellant.

There must be more than an intention on the part of the donor to personally give; it is necessary, also, that there be an actual delivery to the donee, and the delivery must divest the donor of present dominion and control over the property absolutely and irrevocably and confer upon the donee the dominion and control.

A gift will not be presumed, but one who asserts title by this means must prove it by clear, convincing, strong, and satisfactory evidence. *Tucker v. Brown,* 199 Wash. 320, 92 P. (2d) 221. The brooch was a part of the estate of the testator.

Cross-appellants contend that the property designated as the home property, which was purchased by appellant on an assessment foreclosure, was purchased by her with money given to her by the testator. There is evidence to the effect that the testator gave money to appellant for that purchase, and that the testator lived in that house during the last few years of his life. There is other evidence to the effect that appellant purchased that property with her own money. We cannot say that the evidence preponderates against the finding that the home property belonged to appellant.

From the aggregate of the money in possession of the testator at the time of his death, together with income derived from the estate and the proceeds from sale of the personal and real property by appellant, should be deducted the cost of administration and payment of claims against the estate. The remainder of the estate should then be distributed in accordance with what we have said above.

The decree is reversed, and the cause remanded to the trial court with direction to proceed in conformity to this opinion.

STEINERT, SIMPSON, and SCHWELLENBACH, JJ., concur.

MALLERY, J. (dissenting)—I dissent. I think the trial court gave the correct interpretation to the will, even though that interpretation must be drawn from the will in its entirety and appears to be contrary to the second sentence of the fourth paragraph which, taken by itself, may be thought to be unambiguous. However, the first sentence of the fourth paragraph cannot be made to accord with the second sentence unless the second sentence be interpreted as meaning that Ella E. Moses had the power to sell the real property simply because it was advantageous *to her* to do so.

Such an interpretation puts a premium upon disposing of the real property and put it in Ella E. Moses' power to increase her benefits arbitrarily. I do not believe that such an arbitrary action was contemplated, but think on the contrary that, in using the word "advantageous," the testator had in mind those uncertain contingencies in life which sometimes make it necessary to sell real property to satisfy present needs in case of a diminution of income.

I favor affirming the judgment.

December 17, 1946. Petition for rehearing denied.