GUGLE, Admr., Plaintiff-Appellee, v GUGLE, et, Defendants-Appellees, GUGLE, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4083. Decided February 17, 1948.

Richard C. Addison, Columbus, for George L. Gugle, Admr. of the Estate of Zoa B. Gugle, deceased.

Paul B. Warnick, Columbus, for Fred R. Gugle.

Collis Gundy Lane and James G. Kahle, Columbus, for Anne C. Gugle.

## OPINION

By WISEMAN, PJ.

This is an appeal on law from the judgment of the Probate Court of Franklin County, Ohio, in an action instituted by George L. Gugle, Administrator of the Estate of Zoa B. Gugle, deceased, for a declaratory judgment determining the rights of interested parties in 150 shares of stock in the Ohio Finance Company. The case was submitted to the Probate Court on the pleadings in which certain facts were admitted, stipulations of counsel and exhibits. The Probate Court found the decedent to be the owner of the stock on the date of her death and entered judgment accordingly.

Appellant, Anne Gugle, claims the trial court erred in its findings of fact and in its conclusions of law and in overruling appellant's motion for a new trial.

The facts found by Probate Judge McClelland from the admissions in the pleadings and the stipulations of counsel which are supported by the record are as follows: Zoa B. Gugle died intestate on September 28, 1946, having in her possession at the time of her death a so-called strong box, in which were found two certificates, one issued by the Ohio Finance Company on September 24, 1942, for 50 shares of the common stock without par value, in the name of Zoa B. Gugle and Anne Gugle as joint tenants with the right of survivorship and not as tenants in common, and another certificate issued by the Ohio Finance Company on November 12, 1943, for 100 shares of the common stock without par value in the name of Zoa B. Gugle and Anne C. Gugle as joint tenants with right of survivorship and not as tenants in common; that Anne C. Gugle paid no consideration for said shares but that the entire consideration was paid by Zoa B. Gugle; that on the back of each one of said certificates was the signature of Anne C. Gugle which is at the end of a blank assignment form.

The principal question for determination is the legal effect of the signature of Anne Gugle on the reverse side of said certificates. The record is silent as to the reason for her indorsement. These certificates were regularly issued in conformity to the provisions of §8623-30 GC, which in part provides:

"A joint estate with the incidents of a joint estate as at common law (including right of survivorship) may be created in shares by issuing the same to two or more persons as joint tenants, provided that the words 'as joint tenants' are written after the names of such persons on the certificate."

The indorsement of a certificate of stock is controlled by §8673-20 GC, which provides:

"A certificate is indorsed when an assignment or a power of attorney to sell, assign, or transfer the certificate or the shares represented thereby is written on the certificate and signed by the person appearing by the certificate to be the owner of the share represented thereby, or when the signature of such person is written without more upon the back of the certificate. In any of such cases a certificate is indorsed though it has not been delivered."

It is contended by the appellant that a legal indorsement was not effected under the provisions of this Section since it was indorsed only by one of the persons "appearing by the certificate to be the owner of the shares represented thereby". We have not been able to find a reported case in Ohio wherein this precise question has been determined. It is conceded that the signatures of both joint owners would be required to effect a transfer on the books of the Corporation. However, that is not the situation here presented. The issue is between two joint owners. The certificate ceased to be a certificate of joint ownership when the indorsement was made. As between the two joint owners the signature of one joint owner operates as a legal indorsement, under the provisions of §8673-20 GC. To hold otherwise would deprive one joint owner acting alone from effecting a transfer of his interest. An indorsement in blank which was made in this case is permitted under this section.

The transfer of title to a certificate of stock is controlled by §8673-1 GC, which in part provides:

"Title to a certificate and to the shares represented thereby can be transferred only, (a). By delivery of the certificate indorsed either in blank or to a specified person by the person appearing by the certificate to be the owner of the shares represented thereby." * * *
"The provisions of this section shall be applicable although the charter or articles of incorporation or code of regulations or by-laws of the corporation issuing the certificate and the certificate itself, provide that the shares represented thereby shall be transferable only on the books of the corporation or shall be registered by a registrar or transferred by a transfer agent."

The evidence shows a compliance with the requirements of this section. The certificates were indorsed in blank and were found in a strong box in the possession of decedent at the time of her death and of which the decedent had the sole

custody and control. Delivery is conclusively shown by the indorsement and the exclusive custody and control of the certificates by the decedent. It is observed that this section required the indorsement to be made by the person "appearing on the certificate to be the owner of the shares represented thereby". This provision calls for the same interpretation as given to a similar provision in §8673-20 GC. In **Bolles v Trust Company, 132 Oh St 21,** 4 N. E. (2d) 917, the Court had under consideration the question of a gift inter vivos of securities which were not assigned or indorsed. The Court in discussing the effect of the Uniform Stock Transfer Act on page 28 held:

"An examination of a number of authorities, with due regard for their reasoning, is persuasive that a transfer of certificates of corporate stock on the books of the corporation is not requisite to a valid completed gift of such certificates as between the donor and donee, and further that the provisions of the Uniform Stock Transfer Act (§§8673-1 to 8673-23 GC), to the effect that title to certificates shall pass by endorsement as of the time of the registration of the transfer, do not alter the rule, because such provisions were inserted for the protection of the corporation alone, so that it might safely deal in the payment of dividends, or otherwise, with the person in whose name the stock was registered."

In adopting the reasoning of the Court in Bolles v Trust Co. we are constrained to hold that in the case at bar the indorsement and delivery having been effected according to the legal statutory requirements as between the two joint owners the indorsement of Anne Gugle operated as a transfer of her interest to Zoa B. Gugle. The issue raised is determined by a finding that the decedent on her death was the sole owner of said certificates of stock. In our opinion this finding is supported by the evidence and the law applicable thereto.

The appellant contends that before the Court can find the ownership of said stock to be in the decedent it must first find by clear and convincing evidence that Anne Gugle made a gift inter vivos to the decedent, Zoa B. Gugle, and cites the case of Bolles v Trust Co., supra. However, in that case, as already pointed out, the question raised related to an attempt to make a gift inter vivos of securities without an assignment or indorsement. A different situation is presented in the instant case. We fail to find in the pleadings or the evidence an issue raised relative to the question of a gift.

Finding no error in the record the judgment is affirmed.

MILLER and HORNBECK, JJ, concur.