In re Estate of Davis.

(No. 169—Decided May 12, 1953.)

*Mr. David G. Howell,* for appellant.
*Mr. Frank DeLay,* for appellee.

COLLIER, J. This case is in this court on an appeal on questions of law from a judgment of the Probate Court of Jackson County, sustaining exceptions to certain items contained in the inventory and appraisement of the estate of Margaret Parry Davis, deceased.

The exceptor, Frank DeLay, is the administrator of the estate of E. Stanton Davis, deceased, who was the surviving spouse of Margaret Parry Davis, deceased. Margaret Parry Davis, the wife, died on March 31, 1949, and E. Stanton Davis, the husband, died on July 13, 1949. For the purpose of brevity, we shall refer to them as the husband and the wife.

The exceptor claims that certain certificates of stock

of the Oak Hill Savings Bank and the Cambria Clay Products Company, a U. S. Government check dated May 11, 1949, in the sum of $61.40, and a dividend check of such bank for $10, dated July 7, 1949, are not the property of the wife's estate, but belong to the husband's estate.

The executor of the estate of the wife claims title to the certificates of stock by reason of a separate blank assignment stapled to the certificates, which were found after her death in a safe-deposit box of The Oak Hill Savings Bank. The deposit box, at the time of the wife's death, stood in her name alone. The assignments of all the certificates are in blank, except for the signatures of the husband and one Bruney, a witness thereto. The assignments do not contain the names of the corporations issuing the stock; there is no number of the certificates, no number of shares, no name of the transferee and no date when the assignments were signed by the husband. A blank form of assignment was used with none of the blank spaces filled in.

There is no evidence that the husband ever delivered the certificates to the wife with intention to transfer title to her. The only evidence explaining the assignment is the testimony of the witness, Bruney, who said that the husband signed the blank form of assignments to make the certificates negotiable. The only basis for the claim of the executor of the wife's estate to ownership is the separate blank assignment attached to the certificates, and the further fact they were found after her death in the safe-deposit box which stood in her name. The evidence shows that from September 1, 1941, until December 22, 1948, this box, number 145, was rented by the husband with right of access thereto by his wife as his deputy; that the husband had owned the stock for many years prior to

the death of either of them; and that it was after the husband sustained an injury on December 22, 1948, and was confined to his home, that the box was re-rented in the name of the wife.

The one question for determination under these facts and circumstances is whether the certificates of stock belong to the estate of the wife or to the estate of the husband. Since the enactment in this state of the Uniform Stock Transfer Act in 1911 (102 Ohio Laws, 500), such certificates may be transferred only as prescribed by the provisions of the General Code. There is no exception for the transfer of stock in an Ohio corporation.

Subdivision (b) of Section 8673-1, General Code, sets forth the necessary steps to transfer such certificates by separate document, and provides:

"By delivery of the certificate and a separate document containing a written assignment of the certificate or a power of attorney to sell, assign or transfer the same or the shares represented thereby signed by the person appearing by the certificate to be the owners of the shares represented thereby."

Two essential requirements of this statute are, first, that there must be a delivery of the certificate and, second, that there must be a separate document describing the certificate so that it may be identified, neither of which has been established in this case. A different rule applies where the assignment is written on the certificate. Section 8673-20, General Code, provides for a blank indorsement on the certificate. See *Gugle, Admr.,* v. *Gugle*, 83 Ohio App., 85, 78 N. E. (2d), 585.

In the case of *Bolles* v. *Toledo Trust Co., Exr.,* 132 Ohio St., 21, 4 N. E. (2d), 917, our Supreme Court has established the quantum of proof required in a case of this kind. In that case, where the facts are very simi-

lar to the facts involved in the instant case, it is held that to place title in the wife, the transfer from the husband must be shown by clear and convincing proof. The single fact that the certificates were found in the deposit box is not sufficient to give rise to the presumption of ownership.

It follows for the same reasons that the dividend check is the property of the husband's estate. He being the owner of the stock at the time of his death, his estate is entitled to the dividends thereon.

The United States Government check in question was issued May 11, 1949, sometime after the death of the wife but while the husband was still living, in payment of an income tax refund on a joint tax return made by the husband and wife. The evidence shows that almost all income reported represented the salary of the husband. We are unable to see how the executor of the wife's estate has any legal claim to this check.

We find no substantial error in the ruling and judgment of the Probate Court, and the judgment of that court is affirmed.

*Judgment affirmed.*

GILLEN, P. J., and McCURDY, J., concur.