[No. 37981.   Department Two.   March 10, 1966.]

HELEN G. HENDERSON, *Respondent,* v. ARCHIE TAGG *et al.,*
*Appellants.**

*Gilbert J. Price, Jr.* (of *Campbell, Manning & Price*),
for appellants.

*Harry T. Nordlund,* for respondent.

FINLEY, J.—The basic question in this lawsuit is whether
Archie C. Janneck, by doing certain acts prior to his de-
mise, effected an inter vivos gift of 300 shares of Puget
Sound Power & Light Company stock to plaintiff-claimant-
respondent, Helen G. Henderson. This question was an-
swered in the affirmative by the able trial judge. We are
convinced he should be affirmed for the reasons stated here-
inafter.

*Reported in 412 P.2d 112.

The facts stipulated in the trial court may be summarized as follows: Alma B. Janneck died on August 15, 1962. She was then the registered owner of 300 shares of Puget Sound Power & Light Company, Inc., stock. She was survived by her husband, Archie C. Janneck. The Jannecks had executed a community property agreement; Mrs. Janneck also left a will. (It should be noted that by reason of the community property agreement title to the Puget Sound Power & Light stock vested in the surviving spouse, Archie C. Janneck, upon the death of Alma B. Janneck.) Between August 15, 1962, and November 15, 1962, Archie C. Janneck delivered to the Puget Sound Power & Light Company, Inc., the stock certificates representative of the 300 shares of corporate stock, together with the following listed documents stipulated by the litigants to be admissible into evidence: (a) Last Will of Alma B. Janneck, (b) Community Property Agreement of Archie C. Janneck and Alma B. Janneck, (c) Indemnity Agreement signed by Archie C. Janneck, (d) Affidavit signed by Archie C. Janneck, (e) Assignment separate from stock certificates, covering transfer of shares from Archie C. Janneck to Helen G. Henderson, (f) Dividend Order, signed by Helen Henderson, (g) Check, signed by A. C. Janneck for $9.12, covering stock transfer tax. The stipulation of the parties specifically provided, "That it was the *intention* of Archie C. Janneck to make a gift of said shares of stock to the plaintiff in appreciation of her services to him, and, more particularly, to Mrs. Alma Janneck during her lifetime." (Italics ours.)

Archie Janneck died on January 4, 1963. At the time of his death, Puget Sound Power & Light Company, Inc., had not transferred the ownership of the stock on its corporate records to either Archie C. Janneck or to the plaintiff, Helen Henderson; nor had it delivered any documents to Helen Henderson. The agreed statement of facts indicates that Puget Sound Power & Light Company, Inc., refused to transfer the shares until Archie C. Janneck had obtained a waiver or clearance for transfer of the stock from the Inheritance Tax Division of the Tax Commission of the State of Wash-

ington. Between January 15 and February 12, 1963, upon demand of Archie Tagg and Connie Tagg, the joint executors of the estates of Archie C. Janneck and Alma B. Janneck, the Puget Sound Power & Light Company, Inc., delivered the stock certificates in question, together with the aforementioned supportive documents, to Archie and Connie Tagg. Thereupon, a lawsuit was instituted by the alleged donee, Helen G. Henderson, to acquire possession of the 300 shares of stock. Judgment was rendered in favor of the plaintiff, and this appeal followed.

The case was tried to the court without a jury essentially on the basis of the agreed statement of facts. However, before a decision was rendered the plaintiff was allowed to introduce oral testimony by herself and her spouse respecting her temporary possession of the written assignment relative to the stock. Counsel for the defendants entered a continuing objection to such testimony on the ground that it involved incidents concerning a "transaction with the deceased," and thus was inadmissible under RCW 5.60.030, the "Deadman's Statute."

It seems to be conceded that there is a split of authority as to the applicability and effect of the Uniform Stock Transfer Act, RCW 23.80.010, upon purported donative transfers of shares of stock. On appeal, appellants have assigned error to the admission of the aforementioned testimony of the plaintiff and her spouse, urging in effect that this court should not reach the question as to the effectiveness of the alleged donative transfer or gift of the stock. We disagree with appellants' thesis in this respect; namely, that the case of plaintiff-respondent depends entirely upon the orally-testified-to temporary possession by the plaintiff of the Assignment separate from the certificates and other documents. We think there is ample evidence in the record to sustain the trial court's conclusion that a constructive delivery of the shares of stock occurred. Thus, we conclude that the defendants were not prejudiced by the admission of this testimony, even assuming arguendo its inadmissibility by virtue of the provisions of the "Deadman's Statute." Furthermore, much of the questioned evidence was

simply in addition to, or corroborative of, facts stipulated to by the parties.

Turning to the substantive questions raised here on appeal, our inquiry should cover a discussion of the applicability and effect of the Uniform Stock Transfer Act. The pertinent provisions of RCW 23.80.010 are:

Title to a certificate and to the shares represented thereby can be transferred only

(1) By delivery of the certificate indorsed either in blank or to a specified person by the person appearing by the certificate to be the owner of the shares represented thereby, or

(2) By delivery of the certificate and a separate document containing a written assignment of the certificate or a power of attorney to sell, assign, or transfer the same or the shares represented thereby, signed by the person appearing by the certificate to be the owner of the shares represented thereby.

The cases are in a state of gallimaufry as to the effect, if any, of the above provisions upon alleged donative transfers of stock. See: Annot., 23 A.L.R.2d 1171. Obviously, a strict reading of the statute would dictate that the prospective donor effectuate some sort of *manual* or physical transfer of possession of the certificates themselves and/or a separate assignment thereof between himself and the donee or the donee's agent. It seems to us that such a rule is unduly restrictive in its interpretation of the underlying purpose of the Uniform Stock Transfer Act, and unnecessarily rigid in the application of its pertinent provisions. In this respect, the reasoning of the Iowa Supreme Court in the recent case of *Kintzinger v. Millin*, 254 Iowa 173, 186, 117 N.W.2d 68 (1962), is persuasive:

In the third place, although some decisions are to the contrary by what we think is the weight of authority which we are persuaded to follow, the rights of the parties as between themselves are not affected by the provisions of the Uniform Act. They were enacted for the protection of the corporation, so it might safely deal in payment of dividends or otherwise with the person in whose name the stock was registered. Hausfelder v. Security-First National Bank, 77 Cal. App.2d 478, 176 P.2d 84, 88; In re

Estates of Antkowskis supra, 286 Ill. App. 184, 3 N.E.2d 132, 137; In re Estate of Hill, 30 Ill. App.2d 243, 174 N.E.2d 233, 235; State v. Schofield, 136 La. 702, 67 So. 557, 564; Bolles v. Toledo Trust Co., supra, 132 Ohio St. 21, 4 N.E.2d 917, 920; Gugle v. Gugle, 83 Ohio App. 85, 78 N.E.2d 585, 587; Re Connell, 282 Pa. 555, 128 A. 503, 38 A.L.R. 1362, 1365.

■ We are, therefore, persuaded to apply the more flexible rules of personal property law in ascertaining whether or not a gift was consummated from Archie C. Janneck to Helen G. Henderson. The essential elements of a valid gift are: (1) an intention on the part of the donor to presently give; (2) a subject matter capable of passing by delivery; and (3) an actual delivery at the time. *The Old Nat'l Bank & Union Trust Co. v. Kendall*, 14 Wn.2d 19, 126 P.2d 603 (1942). The agreed statement of facts submitted by the parties specifically indicates that it was the intention of Archie C. Janneck to make a gift to Helen G. Henderson of the 300 shares of Puget Sound Power & Light Company stock. Furthermore, it is patent that shares of stock as embodied in stock certificates are a subject matter capable of being transferred by delivery. The problem in the instant case is whether or not some sort of delivery was effectuated.

■ With respect to the requirement of delivery, the modern rule is far more flexible than the traditional concept of manual delivery applied by early-day courts of law. In *In re White's Estate*, 129 Wash. 544, 547, 225 Pac. 415 (1924), this court stated:

Many years ago the rule of law in this respect was exceedingly strict and harsh, but it has now been softened so that only such delivery is required as the nature of the thing given and the circumstances under which it is given will permit, and so it is very generally held that the thing given may be delivered direct to the donee, or to some designated person for him, and the delivery may be either actual, constructive or symbolical.

The memorandum opinion of the trial judge, The Honorable Bertil E. Johnson, of the Superior Court of Washington for Pierce County, reads in part as follows:

It seems to the court that Mr. Janneck before his death had done everything necessary for the transfer of the stock to Mrs. Henderson; he executed the assignment, he delivered the certificates of stock and the assignment to the Puget Sound Power & Light Company, he gave a check for $9.12 to pay the transfer tax. The only thing that remained was the securing of a waiver, or clearance, from the Inheritance Tax Division, a purely ministerial act.

We reiterate our adoption of the reasoning and conclusions reached in this matter by the trial court. A potential donor of shares of stock is not required to hand over the certificates to his intended donee in order to satisfy the law of gift. The delivery of the certificates, together with the necessary supportive documents, to the corporation involved constitutes a sufficient delivery.

The judgment is affirmed.

ROSELLINI, C. J., DONWORTH and HAMILTON, JJ., and BARNETT, J. Pro Tem., concur.